# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:14-cr-0069-RCJ-WGC |
| vs. | **ORDER** |
| JOHN THOMAS ABRAMS, | |
| Defendant. | |

Defendant John Thomas Abrams was indicted on two counts of kidnapping in violation of 18 U.S.C. § 1201 and one count of transportation of a minor for purposes of illegal sexual activity in violation of 18 U.S.C. § 2423(a). Pending before the Court are Defendant's Motions to Proceed Pro Per (ECF Nos. 73, 80) and six miscellaneous motions (ECF Nos. 74, 75, 81, 82, 83, 85). For the reasons given herein, the Court grants the motions in part and denies the motions in part.

I.  MOTION TO PROCEED PRO PER

On August 31, 2015, Defendant filed a Motion to Proceed Pro Per (ECF No. 73), which he withdrew during a hearing the same day. (*See* ECF No. 76). On October 28, 2015, Defendant filed another Motion to Proceed Pro Per (ECF No. 80). Based on a hearing on November 9, 2015, the Court grants Defendant's second motion to proceed pro per, recognizing Defendant knowingly, intelligently, and voluntarily waived his right to counsel. In his motion, Defendant

also requested the appointment of an investigator and advisory counsel to assist in his case, as well as a continuance of sixty days. The Court orders the appointment of advisory counsel for Defendant in this case, and Defendant may access an investigator only through his appointed advisory counsel. Further, the Court denies a continuance for the trial. Defendant has already delayed the trial substantially through his several motions to discharge his attorney and to proceed pro per.

## II.     MISCELLANEOUS MOTIONS

Defendant has filed various other motions related to his confinement in state prison. He is currently serving a sentence in Nevada state prison for a conviction of commercial burglary.

### A.     Motion to Address Conditions of Pretrial Confinement

Defendant has filed two motions to address conditions of pretrial confinement (ECF Nos. 74, 83). He alleges violation of numerous civil rights and the Prison Rape Elimination Act ("PREA").

For proceedings related to the present case, Defendant is taken in custody on writ. He is transported to and booked into the Washoe County Detention Facility ("Detention Facility") where the U.S. Marshals Service retrieves him. Defendant alleges that while at the Detention Facility, Deputy Mark Kester placed him in the suicide watch section where he "was filmed while nude, using the bathroom, and all other daily activities," even though he has not been diagnosed as being suicidal. (Mot., 2–3, ECF No. 74). Defendant also alleges that Kester placed him in punitive isolation without legal or reading materials, denied him clean clothing, denied him grievances, and confiscated his medication. (*Id.* at 3–4). According to Defendant, Kester informed him he took these actions against Defendant because of the pending kidnapping charges and in retaliation for a previous civil rights case Defendant had filed against Kester and

1  other defendants. (*Id.* at 4). Defendant asks the Court to issue a cease and desist order to Kester

2  and the Detention Facility.

3        Defendant's motion is not proper within this case. A defendant may not evade the

4  procedural constraints and consequences of the Prisoner Litigation Reform Act ("PLRA"), such

5  as exhaustion of administrative remedies, screening, filing fees, and proper service on the

6  defendant, by filing a civil action as a motion in a criminal case. *United States v. Antonelli*, 371

7  F.3d 360, 361–62 (7th Cir. 2004). In determining whether a filing is a proper motion or a

8  separate civil action, "courts should look to the substance of the filing rather than its label." *Id.* at

9  361.

10        Here, as part of his criminal case, Defendant has filed a "[m]otion to address conditions

11  of pretrial confinement at Washoe County Detention Facility," which is a separate, unrelated

12  civil action. First, Defendant's allegations are unrelated to this criminal case. While at the

13  Detention Center, Defendant was not in pretrial detention for this case; he was in state custody

14  due to his prior state conviction. Defendant was only in custody on writ from the state, and he

15  has not made allegations against the U.S. Marshals who retrieved him from the Detention Center.

16        Second, Defendant's allegations are civil in nature. Defendant alleges violation of

17  "numerous civil rights" and PREA.[1] (Mot., 3, 5, ECF No. 74). He also alleges Kester has

18  retaliated against him for the prior civil rights case Defendant filed against Kester, which the

19  parties eventually settled. Defendant has not specified any statute or constitutional provision on

20  which he relies for his retaliation claim. However, prisoners typically bring retaliation claims

---

21  [1] Even if this motion were proper, PREA does not create a private cause of action. *Chao v. Ballista*, 772 F. Supp. 2d 337, 341, n.2 (D. Mass. 2011); *Jones v. Schofield*, No. 08-CV-7, 2009
22  WL 902154, at *2 (M.D. Ga. Mar. 30, 2009) (finding that PREA "concentrates on statistics, standards, developing information, and regulating federal funding in an effort to lessen prison
23  rapes," but it does not "create a private *right* which may be enforced in a § 1983 action") (emphasis in original).

24

under 42 U.S.C. § 1983 or various constitutional provisions. *See Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir. 2004) (noting that in retaliation suits prisoners "may invoke the First and Eighth Amendments and the Equal Protection Clause" (quoting *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995))). Thus, Defendant's allegations are all civil in nature and separate and distinct from the present criminal case.

Defendant also does not seek to enforce the settlement of his prior civil rights case against Kester. The Court might properly consider Defendant's motion if he were alleging that Kester is violating conditions of the prior settlement, and if Defendant were asking the Court to enforce those conditions. But that is not the case here. The settlement produced one result: Defendant received $2,000 and agreed to release the defendants from any claims arising from the incidents that were the subject of the litigation. (Settlement Agreement and Release of Claims, ECF No. 74, 24). The settlement placed no restrictions on defendants' future actions which the Court could enforce. Furthermore, Kester was one of eleven named defendants in the case, and the complaint mentioned Kester only once in passing. (First Am. Civil Rights Compl., ECF No. 74, 13). Thus, this motion is only remotely related to the prior settlement.

In this motion, Defendant makes no claims related to the present criminal case, and he does not seek to enforce conditions of the prior settlement. His motion contains the elements of a typical civil rights prisoner case. Allowing Defendant's motion to proceed within this criminal case would circumvent the purposes of PLRA[2] and the procedures litigants are required to follow in civil suits. Defendant may file a civil suit to put forward these allegations, as he successfully did in his prior similar suit, but the allegations are not proper here. The Court denies the motion.

---

[2] *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (describing the purpose of PLRA as "reduc[ing] the quantity and improv[ing] the quality of prisoner suits").

### B. Motion for Order to Transport Defendant with Related Legal Materials, Supplies, and Related Papers

Defendant moves for an order allowing him to retain legal materials and supplies while at the Washoe County Detention Facility to prepare for legal proceedings as a pro per defendant (ECF No. 75, 82). This motion is also not proper within this case, for the reasons described above. Although Defendant's request might have some bearing on this case, it addresses conditions of confinement in state prison due to a conviction in state court. Defendant may not evade the procedural constraints of PLRA by filing this civil action as a motion in a federal criminal case. The Court denies the motion.

### C. Motion to Maintain Pretrial Detainment

Defendant has filed a motion to maintain pretrial detainment at Northern Nevada Correctional Center in Carson City, NV (ECF No. 85). This motion closely resembles his motion to address conditions of pre-trial confinement. Defendant asks the Court to allow him to remain at the Northern Nevada Correctional Center rather than be transported to the Washoe County Detention Facility while he awaits proceedings related to this case. He alleges various violations of his civil rights at the county facility, including denial of medical treatment, clean clothing, proper exercise and food, and adequate heating. He alleges that he is detained in a punitive isolation cell without legal materials and without sufficient time to file grievances. He again alleges retaliation by prison guards based on the prior settlement agreements described above. These civil rights allegations must be addressed in a separate § 1983 civil rights action. The Court denies the motion.

///

///

### D.  Motion for Out-of-Court Privileges and Materials to Facilitate Defense

In Defendant's final motion, he reiterates several of the requests the Court has already addressed in this order and also asks the Court to: (1) order the Washoe County Detention Facility to turn over to him relevant evidence and discovery materials they have confiscated from him; (2) order his former attorney to deliver to Defendant all related case material and discovery in his possession; (3) give Defendant access to an unrecorded phone to interview witnesses and contact investigators.

Defendant's first and third requests address conditions of confinement in state prison and, thus, are improper within this criminal case. As to Defendant's second request, his former attorney has agreed to provide Defendant with all related case materials in his possession. The Court denies the motion.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed Pro Per (ECF No. 73) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Proceed Pro Per (ECF No. 80) is GRANTED.

IT IS FURTHER ORDERED that the Miscellaneous Motions (ECF No. 74, 75, 81, 82, 83, 85) are DENIED.

IT IS SO ORDERED.

Dated: This 4th day of December, 2015.

_____
ROBERT C. JONES
United States District Judge