UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 3:14-cr-0069-RCJ-WGC |
| vs. | | **ORDER** |
| JOHN THOMAS ABRAMS, | | |
| Defendant. | | |

Defendant John Thomas Abrams was indicted on two counts of kidnapping in violation of 18 U.S.C. § 1201 and one count of transportation of a minor for purposes of illegal sexual activity in violation of 18 U.S.C. § 2423(a). Pending before the Court are twelve motions (ECF Nos. 88, 92, 94, 95, 96, 98, 103, 104, 105, 106, 109, 111).

I.  **MOTION FOR SIXTY-DAY CONTINUANCE**

Defendant moves the Court for a sixty-day continuance, arguing he has not received discovery material and other information related to his case, and that as of December 10, 2015 his advisory counsel had not contacted him. The Government argues that Defendant's motion is another attempt to delay the trial, and that the Government has exceeded its discovery obligations. The Court finds that a continuance is not justified.

"A district court has broad discretion to grant or deny a continuance." *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010). It has discretion to deny a continuance and proceed

1

to trial if the defendant's motion for a continuance "is part of a pattern of dilatory activity." *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989). "A defendant proceeding pro se . . . is subject to the same good faith limitations imposed on lawyers, as officers of the court." *Id.*

A grand jury returned an indictment against Defendant on September 17, 2014. (ECF No. 2). A jury trial was set for December 1, 2014. (ECF No. 15). At Defendant's request, the trial was continued to May 11, 2015, (ECF No. 19), and then again to September 28, 2015, (ECF Nos. 21, 23), to give Defendant's counsel more time for trial preparation. At Defendant's request, the Court appointed him new counsel on July 15, 2015. (Order, ECF No. 63). On August 31, 2015, Defendant filed a motion to proceed pro per because of "serious cooperation issues with the court appointed attorneys." (Mot. to Proceed Pro Per, 1, ECF No. 73). After consulting with the Court, Defendant withdrew his motion the same day. (ECF No. 76). At Defendant's request, the Court also granted a continuance of the trail to January 25, 2016 to give the defense additional time to seek out witnesses and evidence. (*Id.*). On October 28, 2015, Defendant filed another motion to proceed pro per, again citing "serious cooperation issues with the court appointed attorneys." (ECF No. 80). In a hearing on November 9, 2015, before addressing the motion, the Court warned Defendant it would not grant another continuance due to the delay caused by Defendant's several motions to discharge his attorney and to proceed pro per. With this knowledge, Defendant chose to represent himself. The Court appointed Dennis Cameron as Defendant's advisory counsel on November 16, 2015 (Order, ECF No. 87) and then granted Defendant's motion to proceed pro per while denying his request for a continuance. (Order, ECF No. 90).

Once again, Defendant moves the Court for a sixty-day continuance. He argues that a continuance is necessary because as of December 10, 2015, his advisory counsel had not

2

1 contacted him, and Defendant had not received discovery materials and other information
2 pertinent to his case. (Def.'s Reply, 3, 6, ECF No. 93). The Government contests these
3 assertions, and events and factual revelations since Defendant's motions eliminate his concerns.
4       The Government asserts that at Defendant's request it provided to Defendant's advisory
5 counsel, Mr. Cameron, a complete copy of all previous discovery disclosures, including 964
6 pages, even though it had previously provided the same materials to Defendant. (Government's
7 Resp., 4–5, n.2, ECF No. 91). Mr. Cameron's office retrieved the materials on December 4,
8 2015. (*Id.*). On December 16, 2015, Mr. Cameron delivered to Defendant hard copies of 960
9 pages of discovery material and spent more than seven hours reviewing the material with him.
10 (Notice to the Court, Dennis A. Cameron, 1, ECF No. 100). On December 22, 2015, Mr.
11 Cameron delivered to Defendant hard copies of an additional 1,100 pages of discovery that
12 Defendant had not seen. (*Id.* at 2). Mr. Cameron spent another four and one half hours reviewing
13 that material with Defendant. (*Id.*). On December 29, 2015, the Government sent to Defendant
14 via FedEx a third complete copy of its discovery materials in hard copy form. (Government's
15 Resp. to Mot. to Show Cause and/or Compel, 2–3, 10, ECF No. 99). Defendant, directly or
16 through his advisory counsel, has now received three copies of discovery from the Government,
17 and his counsel has spent at least eleven hours reviewing discovery materials with him.
18       According to Defendant's advisory counsel, Defendant's trial preparation is impeded by
19 limited library time, limited ability to copy documents, and limited communication with
20 individuals outside the prison. (Notice to the Court, Dennis A. Cameron, 2–3). While these
21 impediments might exist, they likely affect nearly any incarcerated defendant and are not unique
22 to this case. To assist, the Court is granting below Defendant's motion to extend prison
23 copywork limit. Further, Defendant informs the Court that he represented himself in a prior state
24

case involving "the exact same investigation and information" on which the charges in this case are based," (Def.'s Aff., 4, ECF No. 89), and that "[t]his case is fairly straightforward." (Mot. to Proceed Pro Per, 1, ECF No. 73). Accordingly, because Defendant has all discovery materials available, the assistance of counsel, and experience litigating these issues, no continuance is necessary.

Defendant understood and accepted the risks and challenges of representing himself before choosing to proceed pro se. The Court has previously granted three of Defendant's requests to continue the trial, which have already delayed the trial for more than a year. Finally, the Court recognizes the Government's concerns regarding the impact of delay on the victims involved in the trial. (*See* 18 U.S.C. § 3771(a)(7) ("A crime victim has . . . [t]he right to proceedings free from unreasonable delay.")). The trial should not be delayed further. The Court denies the motion.

## II. MOTION TO COMPEL PRIOR DEFENSE COUNSEL TO FORWARD CASE RELEVANT MATERIALS

Defendant asks the Court to compel his prior counsel to deliver to him relevant case materials which Defendant asserts his prior counsel has not done (ECF No. 95). As stated above, Defendant's advisory counsel delivered to him 2,060 pages of case material—1,096 pages more than the 964 pages the Government delivered to him. Thus, Defendant must have received many, if not all, of the materials from his discharged counsel. Further, Defendant informed the Court on January 4, 2016 that he has received "discovery, investigator notes, [and] the notes from prior defense counsels." (Mot. to Recuse, 7, ECF No. 105). The Court denies the motion.

## III. MOTIONS TO COMPEL DISCOVERY

4

Defendant asks the Court to compel the Government to provide him full discovery (ECF Nos. 96, 103, 104).[1] As noted above, on December 4, 2015, the Government delivered "a complete copy of all previous discovery disclosures" to Defendant's advisory counsel, Dennis Cameron. (Government's Resp., 4–5, ECF No. 91). Mr. Cameron then delivered hard copies of the discovery to Defendant on December 16, 2015 and December 22, 2015. (Notice to the Court, Dennis A. Cameron, 1–2). On December 29, 2015, the Government sent to Defendant via FedEx a third complete copy of its discovery materials in hard copy form. (Government's Resp. to Motion to Show Cause and/or Compel, 2–3, 10). The Government has fulfilled, if not exceeded, its discovery obligations to Defendant. The Court denies the motions.

### IV.  MOTIONS IN LIMINE

#### A.  Motion Regarding Courtroom Procedures with Pro Se Defendant

The Government asks the Court to adopt certain procedures and protocols to secure Defendant's due process rights if the Court requires Defendant to be shackled during trial (ECF No. 92). Trial courts have discretion as to whether a defendant is shackled during trial. *United States v. Cazares*, 788 F.3d 956, 963 (9th Cir. 2015). "A trial court may order that a defendant be shackled during trial only after the trial court is 'persuaded by compelling circumstances that some measure is needed to maintain security of the courtroom' and if the trial court pursues 'less restrictive alternatives before imposing physical restraints.'" *Id.* at 965 (quoting *Duckett v. Godinez,* 67 F.3d 734, 748 (9th Cir.1995)).

The Court finds compelling circumstances for requiring Defendant to be shackled during the trial. Defendant is charged with kidnapping and transporting a minor for the purpose of illegal sexual activity. Specifically, Defendant allegedly picked up two hitchhiking teenagers, held them captive for nearly two weeks, and repeatedly raped the female victim. Defendant has a

---

[1] Docket numbers 103 and 104 are identical motions.

5

lengthy criminal history and asserts "[h]e has been diagnosed with Bi-Polar disorder, schizo-affective disorder, and PTSD as a result of . . . brain injuries." (Mot. to Address Conditions of Pretrial Confinement, 10, ECF No. 74). Given the violent nature of the allegations, Defendant's criminal history, and Defendant's possible mental instability, the Court will require Defendant to be shackled for the protection of the victims, witnesses, and others in the courtroom. Shackling Defendant will not impair his mental ability or cause any pain, and any less restrictive alternative to shackling will not suffice to maintain courtroom security.

To preserve "the presumption of innocence and the related fairness of the factfinding process," *Cazares*, 788 F.3d at 965 (quoting *Deck v. Missouri,* 544 U.S. 622, 630 (2005)), the Court will adopt the following measures during trial:

(1) Defendant will be shackled only at his ankles;

(2) Defendant will be brought in and out of the courtroom outside the presence of the jury;

(3) Drapes will be placed around counsel table;

(4) Both Defendant and the Government will conduct opening and closing statements and direct and cross examination while remaining seated at counsel table;

(5) If Defendant wishes to take any exhibits to the court clerk or a witness, Government counsel will walk the exhibits to and from the court clerk or witness; and

(6) Any objections that require a sidebar conference will be held during a recess outside the presence of the jury.

Instituting these measures will preserve a presumption of innocence and the decorum of the trial. They will also not prevent Defendant from communicating freely with advisory counsel. The Court grants the motion as outlined.

**B.     Preclude Arguments and Evidence**

The Government asks the Court to preclude the following arguments or evidence from the trial:

(1) Arguments related to pretrial discovery matters;

(2) Evidence related to decisions of prosecutorial discretion;

(3) Assertions of outrageous government conduct; and

(4) Assertions of vindictive or selective prosecution.

(ECF Nos. 94, 106). "Irrelevant evidence is not admissible" at trial. Fed. R. Evid. 402. Even when evidence is relevant, a court may exclude the evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Government argues that based on various assertions, references, and allusions in Defendant's filings, Defendant could attempt to use the types of arguments or evidence described above. In the Government's view, these arguments and evidence would be irrelevant or unduly prejudicial. The Court agrees and grants the motions.

**C.     Scope of Arguments and Witness Examinations**

The Government moves the Court to admonish Defendant regarding the proper scope of cross-examination and direct examination of witnesses at trial (ECF No. 109). Specifically, the Government asks the Court to order the following:

(1) Require Defendant to limit the scope of his cross-examination to the scope of direct examination and to issues related to a particular witness's credibility and veracity;

7

(2) Preclude Defendant from attempting to present evidence through cross-exam or make statements in opening statement or closing argument related to the victims other sexual activities, except within the scope of the parties previous stipulation filed on July 10, 2015 (ECF No. 57);

(3) Preclude Defendant from attempting to cross-examine the victims and any other government witness with improper impeachment evidence;

(4) Preclude Defendant from referencing the penalties he faces if convicted of the crimes in this case;

(5) Preclude Defendant from making any argument or attempts to present evidence designed to illicit jury nullification; and

(6) Preclude Defendant from attempting to elicit testimony from any witness related to the out-of-court statements made by Defendant or from referencing any of his own out-of-court statements in opening statement or closing argument.

While the Court recognizes these issues may arise at trial, the Government seeks to exclude broad categories of evidence rather than provide specific evidence to be precluded. Without any concrete evidence to exclude, the Court will wait until trial to assess evidentiary issues in their factual context. *See, e.g.*, *United States v. Gilmore*, No. 2:13-CR-00300-GEB, 2016 WL 74033, at *2–3 (E.D. Cal. Jan. 7, 2016) (denying motions in limine because they lacked "the concreteness required for a pretrial in limine motion"); *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context

during trial."). Before trial begins, the Court will admonish Defendant regarding select rules of evidence. The Court denies the motion.

## V.    REQUEST FOR JUDICIAL NOTICE

The Government asks the Court to take judicial notice of Nevada Revised Statutes 200.366 and 200.364 (ECF No. 98). N.R.S. 200.366 defines the crime of sexual assault under Nevada state law and is part of Count 3 of the Superseding Indictment. (*See* Superseding Indictment, 2, ECF No. 65). N.R.S. 200.364 defines terms and phrases within N.R.S. 200.366. The Government argues these statutes "are subject to judicial notice and should be presented via instruction to the jury." (Mot., 4). This motion proposes specific contents to be included in forthcoming jury instructions. The Court will not address jury instructions at this time. The Court denies the motion.

## VI.   MOTION TO RECUSE

Defendant asks Judge Robert C. Jones to recuse himself from the case because Judge Jones cannot be unbiased and impartial (ECF No. 105). A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is appropriate when circumstances create, or appear to create, a conflict of interest. *Id.* § 455(a)-(b); *see also Preston v. United States,* 923 F.2d 731, 734 (9th Cir.1991). Section 455(b) lists several examples in which the appearance of impartiality would reasonably be questioned and warrant recusal, including "[w]here [the judge] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The appearance of impartiality for purposes of recusal under § 455 is judged with an objective standard. *Preston,* 923 F.2d at 734. This standard involves "ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that

the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *United States v. Nelson,* 718 F.2d 315, 321 (9th Cir. 1983)).

In short, Defendant argues that Judge Jones is biased against him and partial to the Government because the Court has denied several of Defendant's motions. He states: "the Court handed down a series of biased and prejudicial rulings contrary to existing precedent." (Mot., 3, ECF No. 105). In addition, "the Hon. Judge Jones has allowed the pretrial motions to be biased and favorable to the Government's point of interest and exceedingly restrictive to the Defense's opportunity to prepare a defense." (*Id.* at 5). Defendant presents no substantive arguments that would cause a reasonable person to question Judge Jones's impartiality. Defendant merely reiterates his points of argument for previously litigated issues. Although Defendant argues that "[o]n the surface, it appears that Judge Robert C. Jones is punishing the Defendant for having the audacity to request to represent himself," (*id.* at 7), the only evidence Defendant offers to support his assertion is that while discussing Defendant's motion to discharge his second attorney, Judge Jones said Defendant "already had one strike" for discharging his prior counsel. During this exchange, Judge Jones was simply communicating that the Court would not appoint a limitless number of attorneys for Defendant. Defendant's arguments present no basis for a reasonably objective person to believe Judge Jones is prejudiced or biased against Defendant. The Court denies the motion.

**VII.    MOTION TO EXTEND PRISON COPYWORK LIMIT**

Defendant has filed a motion to extend prison copywork limit (ECF No. 111). An inmate does not have a right to unlimited free photocopying. *Johnson v. Moore,* 948 F.2d 517, 521 (9th Cir.1991). However, a court may order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See, e.g.*, *Allen v. Clark*

*Cty. Det. Ctr.*, No. 2:10-CV-00857-RLH, 2011 WL 886343, at *2 (D. Nev. Mar. 11, 2011). The Nevada Department of Corrections provides $100.00 of free legal copywork to prisoner litigants. Plaintiff states that he has reached or exceeded the $100.00 limit and asks for a reasonable allowance of additional copywork to complete preparations for trial. Defendant shall be granted an additional $100.00 in credit for copywork to be used in preparation for this trial only.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for a Sixty-Day Continuance (ECF No. 88) is DENIED.

IT IS FURTHER ORDERED that the Motion to Compel Prior Defense Counsel to Forward Case Relevant Materials (ECF No. 95) is DENIED.

IT IS FURTHER ORDERED that the Motions to Compel Discovery (ECF Nos. 96, 103, 104) are DENIED.

IT IS FURTHER ORDERED that the Motions in Limine (ECF Nos. 92, 94, 106) are GRANTED.

IT IS FURTHER ORDERED that the Motions in Limine (ECF No. 109) are DENIED.

IT IS FURTHER ORDERED that the Request for Judicial Notice (ECF No. 98) is DENIED.

IT IS FURTHER ORDERED that the Motion to Recuse (ECF No. 105) is DENIED.

IT IS FURTHER ORDERED that the Motion to Extend Prison Copywork Limit (ECF No. 111) is GRANTED, but is limited to $100.00 in credit for copywork to be used in preparation for this trial.

IT IS SO ORDERED this 8th day of January, 2016.

_____
ROBERT C. JONES