DANIEL G. BOGDEN
United States Attorney
CARLA B. HIGGINBOTHAM (NSBN 8495)
SUE P. FAHAMI
Assistant United States Attorneys
100 W. Liberty Street, Ste. 600
Reno, NV 89501
Telephone: (775) 784-5438
Facsimile: (775) 784-5181
Attorneys for Plaintiff

**FILED**
JAN 11 2016
U.S. MAGISTRATE JUDGE
DISTRICT OF NEVADA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>vs.<br><br>JOHN THOMAS ABRAMS; aka BUCK; aka DAVID GEORGE GARNETT; aka JOHN MCDONALD; aka DAVID BLACKWELL,<br><br>  Defendant. | Case No. 3:14-cr-00069-RCJ-WGC<br><br>**APPLICATION FOR MATERIAL WITNESS WARRANT** |

THE UNITED STATES OF AMERICA, by and through DANIEL G. BOGDEN, United States Attorney for the District of Nevada, and CARLA B. HIGGINBOTHAM and SUE P. FAHAMI, Assistant United States Attorneys, and in accordance with the provisions of Title 18, United States Code, Section 3144, hereby requests the Court for an order to issue an arrest warrant for STEPHANIE McDONALD, who is a material witness in the above-captioned case. Trial is currently set for January 25, 2016. This application is made and based on the attached affidavit of Special Agent Glenn Booth, Federal Bureau of Investigation, Reno, Nevada.

DATED this 11th day of January, 2016.

Respectfully submitted,
DANIEL G. BOGDEN
United States Attorney

_/s/_____
CARLA B. HIGGINBOTHAM
SUE P. FAHAMI
Assistant United States Attorneys

County of Washoe    )
                    )   SS
State of Nevada     )

I, Glenn Booth, being first duly sworn, depose and state that:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed since 1998. I am currently assigned to the Sacramento Division of the FBI, and as such, I work out of the Reno, Nevada, FBI office.

2. On July 21, 2015, JOHN THOMAS ABRAMS; aka BUCK; aka DAVID GEORGE GARNETT; aka JOHN MCDONALD; aka DAVID BLACKWELL (hereinafter "Defendant") was indicted by a federal grand jury on two counts of kidnapping, in a violation of Title 18, United States Code, Section 1201(a) and one count of transportation of a minor for illegal sexual purposes in violation of Title 18, United States Code, section 2423(a). Trial is currently set for January 25, 2016, at 9:00am, before the Honorable Robert C. Jones.

3. The statements contained in this affidavit are based on my experience and background as a Special Agent and on information provided by other agents, law enforcement officers and witness interviews. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not set forth every fact resulting from the investigation; rather, I have set forth a summary of the investigation to date in order to establish probable cause to issue an arrest warrant for material witness, STEPHANIE McDONALD.

4. On or about July 11, 2012, fifteen-year old victims, A.R. and M.C., ran away from home together. Initially, the couple ran away to a friend's house in Rio Vista, California. However, they ran from that location shortly thereafter when they believed the police arrived to arrest them for running away.

5. The couple then hitchhiked to Dixon, California. Late that evening, the couple met a man named "Buck," who was later identified as Defendant. Defendant was driving a silver van and was accompanied by an adult female. The couple told Defendant they were going to Roseville, California, where M.C. had family. Defendant agreed to drive the couple to Roseville, however, he first intended to stop in West Sacramento and stay the night.

6. Defendant then drove the couple to West Sacramento where he rented a hotel room. Defendant and his female companion slept in the hotel room while the victims slept in the van. The next morning, Defendant woke up the victims by telling them that his female friend had left and that they had to find her. M.C. described Defendant as being frantic and refusing to take them to Roseville until he found the missing woman. They drove around all day in West Sacramento and other locations looking for this woman but she was never found.

7. That night, Defendant and the victims slept in the van. Over the next few days, Defendant drove around the Sacramento area with the victims. During this time period, Defendant would take the victims to Walmart or other retail stores where he would steal items (or force M.C. to steal items by threatening to kill him) and then sell them for cash. Defendant also began telling A.R. that he could "sell" her to a pimp, if he wanted to.

8. At one point, Defendant rented a hotel room at the Greenbrier Hotel in a very run-down neighborhood in Sacramento, California. Defendant dropped off M.C. at a laundry mat and returned to the hotel with only A.R. In the hotel room, Defendant forced A.R. to undress by cutting off a tie that was holding up her pants with a steak knife. He then forced her to her knees, held the back of her head, and forcibly made her perform oral sex on him until she vomited. After making her vomit, Defendant found this funny and went to retrieve M.C.

9. Between July 13 and July 19, the three stayed in the van and various hotels. On several different occasions, Defendant anally and vaginally raped and forced A.R. to perform oral sex. Throughout this time, Defendant repeatedly threatened A.R. that if she did not engage in this conduct and "act like she liked it" he would either kill M.C. or sell A.R. to a pimp. At one point, Defendant orally and anally raped A.R. while forcing M.C. to watch. Defendant threatened to harm M.C. if M.C. did not watch Defendant rape A.R. M.C. described watching Defendant shove his penis forcibly into A.R.'s mouth – to the point that she almost vomited. He also stated that he told A.R. to squeeze his leg if it hurt while Defendant was anally raping her. M.C. stated that A.R. squeezed his leg so hard that he had to tell her to stop. The attack lasted approximately an hour.

10. In order to prevent the victims' escape, Defendant would keep the victims separated to prevent them from communicating with one another, keep them from their belongings or he would be in their presence. According to the statements of both victims, Defendant always took them to very bad areas and they were fearful that if they ran, it would be worse than staying with Defendant. In addition, the victims feared that they would be arrested for being runaways. Although the victims initially told Defendant they were 18 years old, they told Defendant they were only 15 years old while in the Sacramento area.

11. Ultimately, on July 19, 2012, Defendant drove the victims from California to Nevada. While in Nevada, Defendant picked up another female, STEPHANIE McDONALD, who was prostituting herself. Defendant used Ms. McDonald's identification and name to check into a hotel off of Wells Avenue. On that evening, Defendant again forced A.R. to perform oral sex until she vomited. He then vaginally and anally raped her. This all occurred in the hotel bathroom. During the incident, Ms. McDonald and M.C. were in the bedroom area of the hotel room. Defendant also engaged in forcible oral sex with Ms. McDonald until she nearly vomited.

12. Following these events, Ms. McDonald was interviewed by a detective with the Sacramento Police Department. Ms. McDonald confirmed that she was with Defendant and the two children in the hotel room. She also confirmed that Defendant had told her the two victims were between 15 and 16 years old. Ms. McDonald stated that Buck told her A.R. wanted to learn how to be a prostitute and M.C. was going to act as her pimp. She also stated that Defendant indicated that A.R. "offered herself to him" sexually and that he could do whatever he wanted with her.

13. She also stated that she saw Defendant and victim, A.R., go into the bathroom alone for some time, approximately 20 minutes, to take a shower. When A.R. and Defendant came out of the bathroom, A.R. was wearing clothes and Defendant was only wearing a towel. On another occasion, Ms. McDonald stated that she saw Defendant fondle A.R.'s breast.

14. Ms. McDonald also indicated that while she was with Defendant, Defendant wanted to engage in anal sex with her. Ms. McDonald stated that she would not have sex with him but did engage in oral sex with Defendant. She described Defendant was jamming his penis

into her face and mouth until ultimately she vomited. This is the same manner that A.R. described oral sex with Defendant.

15. Ms. McDonald identified Defendant through a photo lineup. She also positively identified a photo of the van driven by Defendant when he picked her up.

16. Ms. McDonald is currently homeless and I have had difficulty finding her. Ms. McDonald has resided in: Reno, Nevada; Sacramento, California; and most recently Seattle, Washington. I have personally searched for her in Reno, Nevada. I have also worked with the FBI in Sacramento, California, in an attempt to locate her there. On January 6, 2016, I spoke with FBI Task Force Officer (TFO) Len Carver, who is a Detective from the Seattle Police Department (SPD). Carver advised that Ms. McDonald is currently residing in the Seattle area and she is homeless. Ms. McDonald is typically observed in an area of Seattle known to be frequented by homeless persons and prostitutes. Ms. McDonald was most recently contacted by the SPD on December 18, 2015, when she was reportedly intoxicated and urinating in public. Carver advised that SPD's Crisis Response Unit has identified Ms. McDonald as a drug addict who is not mentally stable. Ms. McDonald currently has two active warrants. Ms. McDonald has a warrant initiated by the Reno Police Department for Failure to Appear, related to Credit Card Fraud charges. That warrant is only extraditable in Nevada, California, Oregon, Utah, and Arizona. Ms. McDonald also has an active warrant initiated by the Department of Public Safety, Parole and Probation, for a probation violation related to Burglary. Extradition for that warrant is limited to the surrounding states. Ms. McDonald is believed to have used various aliases, to include STEPHANIE McDONALD, STEPHANIE ROSE McDONALD, DEBORAH COLE, and LUCI BLACK.

17. A review of her criminal history includes, but is not limited to, Indecent Exposure, Obstruction, Burglary, Petit Larceny, Drug Paraphernalia, Credit Card Fraud, Defrauding an Innkeeper, Disorderly Conduct, Vehicular Theft, and Trespassing.

///

///

18. Based on the foregoing, I do not believe Ms. McDonald will appear for the trial and there are no other steps I can take to secure her presence. Therefore, I request this Court enter an order to issue an arrest warrant for STEPHANIE McDONALD so that she can be arrested and brought before this Court for further proceedings in accordance with Title 18, United States Code, Section 3144.

GLENN BOOTH
Federal Bureau of Investigation

Subscribed and Sworn to before me this 11th day of January, 2016

WILLIAM G. COBB
United States Magistrate Judge

6