UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>    v.<br>JOHN THOMAS ABRAMS,<br><br>                        Defendant. | Case No. 3:14-cr-00069-MMD-WGC<br><br>ORDER |

Defendant John Thomas Abrams is facing trial on a three-count indictment, including two counts of kidnapping. (Dkt. no 65.) Defendant elected to represent himself (dkt. no. 86), and the Court appointed Dennis Cameron as standby counsel (dkt. no. 87). Trial is set to commence on February 16, 2016. (Dkt. no. 145.)

During a status conference held on February 1, 2016, Defendant reiterated his desire to represent himself, but requested that the Court expand Mr. Cameron's role to allow him to serve as "co-counsel." In particular, Defendant asked that Mr. Cameron be permitted to conduct Defendant's examination and the cross-examination of one of the government's witnesses. The government objected to Defendant's request, citing concerns that such "hybrid representation" is not permissible under governing case law.[1] This Order addresses Defendant's request.

---

[1] After raising this objection, the government's counsel explained that she had not looked at this issue recently, and offered to brief the issue. The Court declined the offer in light of the proximity to trial.

In *Faretta v. California*, 422 U.S. 806 (1975), the United States Supreme Court recognized a criminal defendant's right to represent himself. Subsequently, in *McKaskle v. Wiggins*, 465 U.S. 168, 177-78, 182-84 (1984), the Court established the contours of standby counsel's role, explaining the extent to which standby counsel may participate in a proceeding without violating a *pro se* defendant's right to self-representation.[2] Before *McKaskle*, the Ninth Circuit observed that "[t]he Supreme Court and this circuit have recognized the efficacy of hybrid representation to aid *pro se* defendants and protect the integrity of the trial process." *Locks v Sumner*, 703 F.2d 403, 407 (9th Cir. 1983), *cert denied*, 464 U.S. 933 (1983). "Hybrid representation" refers to two distinct forms of representation — (1) advisory counsel, which "describe[s] the situation when a *pro se* defendant is given technical assistance by an attorney in the courtroom, but the attorney does not participate in the actual conduct of the trial;"[3] or (2) co-counsel, which describes the situation when "the attorney may participate directly in the trial proceedings with the defendant (examining witnesses, objecting to evidence, etc.)." *Id.* at 407.  While the court may appoint advisory counsel or co-counsel, a *pro se* defendant does not have a constitutional right to such representation. *See McKaskle*, 465 U.S. at 183 ("*Faretta* does not require a trial judge to permit 'hybrid' representation . . . ."); *United States v. Kienenberger*, 13 F.3d 1354, 1356 (9th Cir. 1994) ("A defendant does not have a constitutional right to 'hybrid' representation."); *Locks*, 703 F.3d at 407.

In *McKaskle,* the Supreme Court also clarified that "[p]articipation by counsel with a *pro se* defendant's express approval is, of course, constitutionally unobjectionable." 465 U.S. at 182.  Thus, a *pro se* defendant's request for standby counsel to participate

---

[2]The Court declined to impose a "categorical bar on participation by standby counsel in the presence of the jury." *McKaskle,* 465 U.S. at 182. The Court found that standby counsel may "assist[]the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete." *Id.* at 183.

[3]The *Locks* court also explained that "standby" counsel is "a type of advisory counsel" who "may take over the defense if for some reason the defendant becomes unable to continue." *Locks*, 703 F.2d at 407 & n.3.

in a trial "obliterates" any claim that the participation usurps his or her *Faretta* rights. *Id.; Frantz v. Hazey,* 533 F.3d 724 (9th Cir. 2008) (*en banc*) ("*Faretta* established that standby attorneys can assist *pro se* defendants 'if and when' their help is requested.") (quoting *Faretta,* 465 U.S. at 834 n. 46). Whether to "allow a defendant to proceed with either form of hybrid representation" (i.e., as stand-by counsel or co-counsel) is within the trial court's discretion. *Locks*, 703 F.2d at 408.

In this case, Defendant has expressly requested that Mr. Cameron elevate his role to co-counsel in two ways — by conducting Defendant's examination and by cross-examining one of the government's witnesses. To be fair, for Mr. Cameron to be effective in his role as co-counsel, he must have full discretion to make strategic decisions relating to these two examinations. But Mr. Cameron's exercise of such discretion may result in a disagreement with Defendant, and could even infringe on Defendant's *Faretta* rights. *See McKaskle*, 465 U.S. at 178 (noting that standby counsel's unsolicited control over witness questioning may undermine *Faretta* rights). To alleviate the first concern and to ensure an efficient and smooth presentation before the jury, the Court must establish in advance the contours of Mr. Cameron's elevated role of co-counsel. Doing so will also permit Defendant to knowingly decide whether to request Mr. Cameron's added participation. If, after accepting these contours, Defendant consents to Mr. Cameron's representation, Defendant cannot raise constitutional objections to such representation, even though Mr. Cameron's expanded role could limit Defendant's right to self-representation. Instead, Mr. Cameron's expanded participation is provided only at Defendant's request and with his consent. Thus, Defendant's consent to Mr. Cameron's increased participation after being informed of the parameters of Mr. Cameron's co-counsel role would obviate any concerns about eroding Defendant's *Faretta* rights.

After balancing Defendant's request for assistance with the risk of impairing his *Faretta* rights, the Court is inclined to grant Defendant's request as long as he understands the following contours of Mr. Cameron's elevated role as co-counsel in

connection with Defendant's examination and the cross-examination of one of the government's witnesses:

1.    Mr. Cameron will assume the role of co-counsel with Defendant providing input;

2.    Mr. Cameron will have full discretion to make strategic decisions relating to these two examinations, including how to conduct the examinations, what initial questions to ask, what follow-up questions to ask or not to ask, and whether to raise certain objections; and

3.    Defendant may request termination of Mr. Cameron's co-counsel role at any time, and in that event Defendant will assume the examination himself regardless of whether doing so will create disruption during the trial because trial will not be continued to permit Defendant time to prepare.[4]

The Court will entertain input from the parties at the next scheduled status conference before issuing a final ruling. The parties should, of course, continue their preparation for trial, which will proceed on February 16, 2016, as scheduled.

DATED THIS 3rd day of February 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4]In other words, Defendant should be fully prepared to take over for Mr. Cameron just as any co-counsel would.

4