UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA

Plaintiff,

VS.

JOHN THOMAS ABRAMS

Defendant,

3:14-cr-69-MMD-WGC

MINUTES OF THE COURT

Dated:  February 16, 2016

PRESENT:

THE HONORABLE **MIRANDA M. DU, U.S. DISTRICT JUDGE**

DEPUTY CLERK: PEGGIE VANNOZZI    COURT REPORTER:  KATHY FRENCH

PRESENT FOR PLAINTIFFS:     CARLA HIGGINBOTHAM, AUSA AND SUE FAHAMI, AUSA

PRESENT FOR DEFENDANT:    JOHN THOMAS ABRAMS, pro se, AND DENNIS CAMERON, STANDBY/CO-COUNSEL

IN COURT PROCEEDINGS – JURY TRIAL – DAY 1

Proceedings begin at 8:41 AM.  Special Agent Glen Booth is present.  Defendant is present, in custody.  The prospective jurors are not present.

Mr. Cameron advises the Court of issues that prevented the Defendant from telephonically interview witnesses from the Washoe County Detention Center.

The Court denies Defendant's Motion for Continuance (Dkt. No. [205]).  The Court construes Defendant's Motion/Notice of Inability to Access Witnesses, legal research materials, telephone service and materials to prepare and present exhibits (dkt. No. [194]) to be a motion to continue the trial.  To the extent that it is a motion to continue the trial, the motion is denied.

Mr. Cameron speaks to the issues Defendant raises in the Notice (dkt. No. [194].)   Ms. Higginbotham responds.  The Court will not continue this trial.  The Court will order the Washoe County Detention Center to allow Defendant to speak telephonically with witnesses.

3:14-cr-69-MMD-WGC
USA vs. Abrams
February 16, 2016
Page three

      The Court denies Defendant's Motion for Proceedings to Proceed with Defendant's True Name (dkt. No. [195].)

      To the extent that Defendant's Motion to file Electronically/Reply to Government's Notice – Government's continued Willingness to Interview Defendant (Dkt. No. [199]) is a motion, the motion is denied.

      Defendant's Motion for Witness to Testify Via Video Feed/Link (dkt. No. [196], amended dkt. No. [200]) and Second Motion for Witness to Testify via Video Feed/Link (dkt. No. [203]) is granted to the extent that Mr. Cameron can make arrangements for the witnesses to testify via video conference from a federal courthouse in Montana.

      The Court denies Government's Motion in Limine to Preclude Defendant's Alleged Expert Cari Caruso (dkt. No. [177]). The Court grants Government's Motion in Limine to Preclude Defendant's Alleged Expert William O'Donohue (dkt. No. [176]) in part.  The expert will not be allowed to testify relating to witness statement inconsistency and credibility.   The Court will require Defendant to make a proffer, outside the presence of the jury, of Dr. O'Donohue's scientific methodology.  The Court will hear the proffered testimony at 4:00 PM on Wednesday, 2/17/2016. Mr. Cameron advises that he may need more time to ensure that Dr. O'Donohue is available to testify tomorrow.

      Ms. Higginbotham advises that the Government will withdraw proposed exhibit 19.  She further advises that the Government has provided Defendant with a copy of the trial brief, a thumb drive and a CD that contains a recording of the interview the Government conducted with Defendant yesterday.

      The Court hears argument from Defendant and Ms. Higginbotham on why Defendant's proposed voir dire question number 13 should be asked. The Court discusses the privacy panels at counsel tables and whether Defendant's shackled ankles could be seen from the gallery when he is seated facing the jury box.  The Court asks Defendant which witness he will have Mr. Cameron cross examine.  Defendant furnishes a list of his potential witnesses.

      61 prospective jurors enter the Courtroom and are sworn.  Voir dire begins.

      *Sealed voir dire proceedings: 11:05 AM to 11:20 AM.  Individual prospective jurors are questioned outside the presence of the other prospective jurors.*

      Open Court voir dire resumes at 11:40 AM.  The Court directs the prospective jurors to exit the Courtroom at 12:32 PM and return at 2:00 PM.

3:14-cr-69-MMD-WGC
USA vs. Abrams
February 16, 2016
Page three

---

*Outside the presence of the prospective jurors:* The Court asks counsel and Defendant if there are any follow up questions for the prospective jurors. The Government moves to dismiss a certain prospective juror for cause. The Court denies the request.

The Court recesses from 12:40 PM to 1:00 PM. The prospective jurors are not present.

Counsel and Defendant exercise peremptory challenges. 12 jurors and 2 alternates are selected. The Court will seat these jurors at 2:00 PM. Ms. Higginbotham will present an opening statement. Defendant will reserve the presentation of an opening statement.

The Court denies Defendant's Notice of Inability to Access Witnesses, legal Research Materials, Telephone Service and Materials to Prepare and Present Exhibits (dkt. No. [194], dkt. No. [201], dkt. No. [202]) and Defendant's Motion for Witness to Testify via Video Feed/Link (dkt. No. [203] are denied for the reasons previously explained. The Court denies Defendant's Motion to Dismiss (dkt. No. [204].)

Proceedings recess from 1:26 PM to 2:05 PM.

The proposed jurors are not present. The Court advises the parties that it will issue an order to Washoe County Detention Center to allow Defendant contact with witnesses. The Court will resume the trial at 1:00 PM tomorrow to accommodate the US Marshals.

The prospective jurors enter at 2:15 PM. 14 jurors are seated and sworn to try the case. The remainder are thanked and excused.

Ms. Higginbotham presents the Government's opening statement. Defendant reserves his right to present an opening statement. The Court invokes the rule of exclusion.

**Sharon W. Cooper** is sworn to testify. Ms. Higginbotham examines the witness. The witness is qualified as an expert witness in the areas of child exploitation, including victimization, perpetrator issues and brain development. Defendant and Ms. Higginbotham examine the witness. The witness is excused.

Proceedings recess from 3:55 PM to 4:20 PM.

3:14-cr-69-MMD-WGC
USA vs. Abrams
February 16, 2016
Page four

---

All parties and the jury are present.

**Raymond Spencer** is sworn to testify.  Ms. Higginbotham examines the witness.  The witness is qualified as an expert witness in the area of sexual assault investigations.  Defendant examines the witness.  The witness is excused.

The Court admonishes the jury.  IT IS ORDERED: the trial is continued to Wednesday, February 17, 2016 at 1:00 PM.  The jury exits at 4:48 PM.

The Court discusses the order it issued regarding Defendant's contact with witnesses.  The Court directs Mr. Cameron to contact Dr. O'Donahue to have him testify tomorrow at 4 PM, outside the presence of the jury.  The Court discusses jury instructions with counsel.  Ms. Higginbotham offers to have Josh Palmer of the Washoe County Detention Center testify to advise the Court about the measures the jail has taken to accommodate Defendant.

Proceedings recess at 4:55 PM.


            LANCE S. WILSON, CLERK
            U.S. DISTRICT COURT

            /S/ Peggie Vannozzi
            Deputy Clerk