UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:14-cr-00069-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| JOHN THOMAS ABRAMS, | |
| Defendant. | |

I.    **INTRODUCTION**

The jury returned a verdict of guilt on two counts of kidnapping and one count of transportation of a minor for purpose of illegal sexual activity. (ECF No. 222.) Defendant John Thomas Abrams now moves for a new trial. The Court has reviewed Defendant's motion, the government's response and supplement, and Defendant's reply. (ECF Nos. 276, 278, 279, 282.) For the reasons discussed below, Defendant's motion is denied.

II.   **BACKGROUND**

A.    **Charged Offenses**

Defendant was indicted on September 17, 2014, and superseded on July 22, 2015. (ECF Nos. 2, 65.) The Superseding Indictment charged Defendant with two counts of kidnapping in violation of 18 U.S.C. § 1201 and one count of transportation of a minor for purpose of illegal sexual activity in violation of 18 U.S.C. § 2423(a). (ECF No. 65.) At the time, trial had been continued to September 28, 2015. (ECF Nos. 23, 68.) A deputy federal public defender was initially appointed to represent Defendant. (ECF No. 10.)

**B.    Procedural History**

On July 14, 2015, the Court granted Defendant's counsel's motion to withdraw and appointed substitute counsel, Loren Graham, to represent Defendant. (ECF No. 59, 63.) On August 31, 2015, Defendant moved to proceed pro per, citing "serious cooperation issues" with his appointed counsel. (ECF No. 73.) At a hearing held on the same day, the Court permitted Defendant to withdraw his motion to proceed pro per and continued trial to January 19, 2016. (ECF No. 76.) About two months later, Defendant's counsel moved to withdraw and Defendant moved to represent himself. (ECF No. 79, 80.) On November 9, 2015, the Court granted Defendant's motion to proceed pro per and ordered the appointment of stand-by counsel for Defendant. (ECF No. 86.) The Court warned Defendant it would not grant another continuance due to the delay caused by Defendant's several motions to terminate counsel and to proceed pro per. (ECF No. 112 at 2.) Yet, on December 4, 2015, Defendant moved for a 60 day continuance. (ECF No. 88.) The Court found that Defendant "understood and accepted the risks and challenges of representing himself before choosing to proceed pro se" and that the Court had "granted three of Defendant's requests to continue trial, which have already delayed trial for more than a year." (ECF No. 112 at 4.) The Court further recognized the government's concerns as to the "impact of the delay on the victims involved in the trial." (*Id.*) The Court thus denied Defendant's motion to continue trial on January 8, 2016. (*Id.*)

At a status conference held on January 11, 2016, the Court granted Defendant's oral request for his legal paperwork located at the Nevada Department of Corrections ("NNCC") to be delivered to Defendant at the Washoe County Detention Facility ("WCDF"). (ECF No. 119.) The next day, January 12, the Court ordered NNCC to gather Defendant's documents and paperwork for collection and delivery by the U.S. Marshals to Defendant at WCDF on the same day; and ordered WCDF to give Defendant supplies (paper and pens) and $100 in credit for copywork to be used for trial preparation. (ECF No. 121.)

On January 14, 2016, Defendant filed yet another motion to recuse, which Judge Jones granted on January 19, 2016. (ECF Nos. 126, 134.) At a status conference held on January 26, 2016, the Court continued the trial to February 16, 2016, and addressed 6 motions filed by Defendant over the course of two weeks. (ECF No. 145.) Defendant withdrew a prior ex parte motion proposing how he should be transported from NNCC to WCDF for trial and requested to be housed at WCDF pending trial. (ECF Nos. 145, 159.) The Court further directed stand-by counsel, Dennis Cameron, to notify the Court if Defendant had any problem accessing his legal materials and preparing for trial. (*Id.*) On February 16, 2016, the Court directed WCDF where Defendant was housed to accommodate Defendant's request to contact his witnesses by phone via his standby counsel. (ECF No. 206.)

Trial commenced on February 16, 2016, and continued for 8 days, until February 26, 2016, when the jury returned its verdict of guilt. (ECF Nos. 207, 220.)

## III.   LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 33(a), "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Although determining whether to grant a motion for a new trial is left to the district court's discretion, "it should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (citation and internal quotation marks omitted). Moreover, the defendant bears the burden of persuasion. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989). Such an extraordinary remedy is appropriate, for example, when a court makes an erroneous ruling during the trial and that, but for that erroneous ruling, the outcome of the trial would have been more favorable to the defendant. *See United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978).

## IV.   DISCUSSION

Defendant presents three grounds to argue that a new trial is warranted: (1) the Court should have continued trial to give him sufficient time to receive court documents,

3

access legal materials and prepare with his witnesses; (2) the Court erred in admitting evidence of prior sexual assaults through the testimony of Defendant's ex-spouses under Fed. R. Evid. 413; and (3) Fed. R. Evid. 413 violates the Equal Protection Clause. (ECF No. 276.) The government responds that Defendant was given unprecedented accommodations to allow him to prepare for trial, admission of evidence of prior sexual assaults was proper and binding Ninth Circuit authority holds that Rule 413 does not violate the Equal Protection Clause. (ECF No. 278.) The Court agrees with the government that the interest of justice does not compel a new trial.

### A.    Continuance of Trial

Defendant contends that the Court should have continued trial when he complained about problems with his mail such that he did not timely receive court documents, with a lack of access to legal materials and with having enough time and opportunity to prepare his witnesses. (ECF No.276 at 3-5.) In response, the government detailed the accommodations extended to ensure Defendant has access to the courts, including accommodations made by the Court and the institutions that held Defendant. (ECF No. 278 at 3-13; ECF No. 280.) The Court agrees with the government. Defendant's repeated complaints of these issues in the weeks leading up to trial and during trial were unfounded and were obvious attempts to delay trial. While adopting the government's recount of the accommodations extended to Defendant, the Court will recap measures taken by the Court to address some of Defendant's complaints.

At Defendant's request and over the government's objection, the Court expanded Mr. Cameron's role to co-counsel with respect to certain witnesses. (ECF No. 164, 186.) On January 26, 2016, the Court directed Mr. Cameron to notify the Court if Defendant had any problem accessing his legal materials and preparing for trial. (ECF No. 145.) Defendant waited until the first day of trial to raise complaints about access to witnesses and materials. (ECF Nos. 194, 202.) While Defendant complained that he did not receive certain orders or filings by mail in a timely manner, no issue was decided
///

without the opportunity for Defendant to present argument.[1] To the contrary, Defendant made numerous attempts to re-argue issues already decided during hearings or over the course of the trial and through written briefs. (*See, e.g.,* ECF No. 186.) By the Court's count, between January 27, 2016, to the start of trial on February 16, 2016, Defendant filed 19 motions, which does not include his responses to the government's filings and his trial documents.[2] (ECF Nos. 147, 148, 149, 156, 157 158, 160, 166, 167, 174, 175, 194, 195, 196, 201, 202, 203, 204, 205.) When Defendant reiterated his complaint about barriers to his preparation for trial, the Court heard testimony from a representative of WCDF. (ECF No. 264 at 259-702.) This individual testified that the accommodations extended to Defendant included measures "never done for any inmate in [the witness's] tenure," such as allowing Defendant the use of a computer and flash drive for him to store his files, making copies for Defendant, and allowing Defendant "virtually unlimited access to a multi-purpose room for probably an[] average of six hours a day"[3] and to use that room to store his legal documents. (*Id.* at 259-262.)

With respect to witness preparation, on February 9, 2016, Mr. Cameron advised the Court that the U.S. Marshals and WCDF have agreed to a procedure to facilitate Defendant's request to interview his witnesses by phone. (ECF No 186.) In two identical motions filed on February 14 and 16, 2016, Defendant complained that he had not been granted phone access to his witnesses. (ECF No. 194, 202.) On February 16, 2016, the Court issued an order directing WCDF to accommodate Defendant's request to contact

---

[1]Because some mail sent to Defendant was returned as undeliverable, the Court directed the Clerk to update Defendant's address at WCDF and ensure he was served with all documents. (ECF No. 159.) On February 9, 2016, the Court extended the deadline to February 12, 2016, for Defendant to file his trial related documents to the Court after he complained that he received the order setting the deadlines the night before. (ECF No. 189.) Defendant's stand-by counsel was also directed to provide him with a copy of court filings. Defendant may not have received his mail in a timely manner, but he does not contend that he did not receive copies of filed documents from his stand-by counsel.

[2]Some of these motions are duplicates and some raised issues asserted in motions that were denied.

[3]An inmate would on average receive no more than 30 minutes use of the multi-purpose room a day. (ECF No. 264 at 259-260.)

1  and interview his witnesses on February 17, 2016, when trial would resume later in the
2  day to allow for the interviews to occur and time for the U.S. Marshals to transport
3  Defendant to court. (ECF Nos. 206. 207.)

4      In sum, Defendant received special accommodations to allow him access to his
5  documents and witnesses and to give him adequate time to prepare for trial. It did not
6  appear to the Court during the course of trial that Defendant was not prepared or was
7  not given proper access to the courts. In fact, the Court observed that Defendant was
8  prepared. (ECF No. 268 at 16-18.) Defendant's complaint of lack of access is not
9  supported by the evidence and does not warrant a new trial.

10  **B.    Admission of Evidence of Prior Sexual Assaults**

11      Defendant argues that the Court erred in deciding to admit evidence of prior
12  sexual assaults without an evidentiary hearing contrary to Judge Jones' previous
13  determination that an evidentiary hearing was required, and erred in deciding that a
14  reasonable jury could find by a preponderance of the evidence that the claimed sexual
15  assaults occurred based on the government's proffer without hearing the actual
16  testimony of the two witnesses first. (ECF No. 276 at 6-9.) Thus, the gist of Defendant's
17  argument is that the Court should have held an evidentiary hearing before admitting
18  evidence of prior sexual assaults. The government responds that the Court properly
19  admitted evidence of prior sexual assaults without holding an evidentiary hearing.

20      Because Defendant suggests that the Court reversed Judge Jones' earlier
21  determination to Defendant's surprise, the Court will first offer a summary of the events
22  that led to the admission of evidence of prior sexual assaults. On February 18, 2016,
23  the government reiterated the request raised in a motion in limine filed on May 26, 2016,
24  (ECF No. 48) to admit evidence of Defendant's commission of other offenses of sexual
25  ///
26  ///
27  ///
28  ///

6

assault pursuant to Fed. R. Evid. 413 and 404(b).[4] (ECF No. 264 at 272-276.) On September 3, 2015, after a hearing on the government's motion where Defendant was represented by his former counsel, the Court denied the motion, indicating it would consider the issue in the context of trial and that a proffer would be necessary. (ECF No. 77; ECF No. 78 at 21-32.) When the government reasserted its earlier motion at trial, the Court told the parties it would review the briefs again before addressing the issue.[5] (ECF No. 264 at 272-276.) The next morning, the Court heard argument before issuing its ruling. (ECF No. 268 at 2-.)

Defendant's contention that the Court reversed Judge Jones' earlier ruling that an evidentiary hearing was required is not supported by the records. While Judge Jones appeared to agree with Defendant's argument for an evidentiary hearing, he did not decide that one was required. But even if he did, such a ruling would be provisional since the Court may modify rulings on motions in limine depending on the evidence presented at trial. *See Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000) (rulings on motions in limine are not binding on the trial judge who may always change her mind during the course of a trial); *Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that in limine rulings are preliminary and are always subject to change, especially if the evidence unfolds in an unanticipated manner). Here, after hearing the evidence and after giving Defendant the opportunity to present opposing argument, the Court determined that evidence of prior sexual assaults should be admitted without further hearing. (ECF No. 268 at 106-117.)

///

---

[4]Defendant filed an opposition to the government's motion on July 9. 2015, (ECF No. 56) and the government filed its reply on August 25, 2015 (ECF No. 72.)  The Court heard argument on August 31, 2015. (ECF No. 78.) In a motion to proceed pro per filed on the same day, Defendant assured the Court that he was "prepared to proceed and give arguments before the court concerning the government's motion[] concerning . . . evidence of prior sexual assaults, with no foreseeable issues that would warrant a request for continuance." (ECF No. 73 at 2.)

[5]The Court directed a copy of the briefs and transcript of the August 2015 hearing to be provided to Defendant. (ECF No. 264 at 272-276, 285-288.)

1    Defendant argues that the Court must hold an evidentiary hearing to ensure that
2    the Court hear the same testimony that the jury would hear in order to determine
3    whether the jury could find that the sexual assault occurred under a preponderance of
4    the evidence standard. (ECF No. 276; ECF 279 at 5-6.) However, Defendant offers no
5    binding authority to support his contention that the Court must hold an evidentiary
6    hearing to determine whether to admit evidence under Rule 413. Defendant relies on
7    *United States v. Dillon*, 532 F.3d 379 (5th Cir. 2008) to argue that a district court is
8    required to hear the witness's testimony to determine whether a reasonable jury could
9    find by a preponderance of the evidence that the claimed sexual assault occurred. (ECF
10   No. 276 at 8.) The district court in *Dillon* held a hearing; but it is not clear that the
11   hearing involved witness testimony. Even if that court held an evidentiary hearing, *Dillon*
12   does not hold that an evidentiary hearing was required. The express language of Rule
13   413 does not require such a hearing. In *Huddleston v. United States,* 485 U.S. 681
14   (1988), the Court found that a district court need not make a preliminary finding that the
15   government has proven prior bad acts under Rule 404(b) by a preponderance of the
16   evidence before submitting the evidence to the jury. In making such a determination,
17   "the court neither weights credibility nor makes a finding of fact that the Government has
18   proved the conditional fact by a preponderance of the evidence. The court simply
19   examines all the evidence in the case and decides whether the jury could reasonably
20   find the conditional fact . . . by a preponderance of the evidence." *Id.* at 690. Thus, the
21   trial court is not required to hold an evidentiary hearing to hear actual testimony of prior
22   sexual assaults before deciding whether to admit such testimony. *See*, *e.g., United*
23   *States v. LeMay,* 260 F.3d 1018, 1022-23 (9th Cir. 2001) (affirming admission of prior
24   uncharged child molestation evidence under Rule 414 based on the evidence proffered
25   by the government without an evidentiary hearing).
26    The Court conducted the three part inquiry articulated in *United States v. Benally*,
27   500 F.3d 1085, 1090 (10th Cir. 2007) and the five factor test articulated in *LeMay,* 260
28   F.3d at 1027-28, in considering whether to admit evidence of prior uncharged sexual

1   assaults under Rules 413 and 403. (ECF No. 268 at 106-118.) The Court instructed the

2   jury immediately before the first witness testified of prior incidents of sexual assault of

3   what they would need to find to consider such evidence. (ECF No. 269 at 35-36.) The

4   Court gave the jury a similar written instruction at the close of the evidence. (ECF No.

5   219 at 14.) The Court agrees with the government that the Court's admission of prior

6   sexual assaults does not warrant a new trial.

7   ### C.   Constitutionality of Rule 413

8   Defendant represents that he "is aware that FRE 413 has survived constitutional

9   challenge in the Circuit Courts and that the Supreme Court has declined to grant

10   certiorari to review those decisions." (ECF No. 276 at 9.) The government responds that

11   the Ninth Circuit rejected a similar Equal Protection Clause challenge to Rule 414, the

12   companion to Rule 413. *See LeMay,* 260 F.3d 1018.[6] The government also cites to

13   other circuit court decisions that address and reject a constitutional challenge to Rules

14   413 and 414 on Equal Protection Clause grounds. (ECF No. 278 at 19-20.) In his reply

15   brief, Defendant again reiterates that he "acknowledges the state of the law on this

16   issue in the Circuit Courts. Defendant understands the United States' position but

17   maintains that the Circuit Courts have wrongly decided this issue." (ECF No. 279 at 7.)

18   However, this Court is bound by Ninth Circuit authority and must deny Defendant's

19   motion on this ground.

20   ## V.   CONCLUSION

21   The Court notes that the parties made several arguments and cited to several

22   cases not discussed above. The Court has reviewed these arguments and cases and

23   determines that they do not warrant discussion because they do not affect the outcome

24   of Defendant's motion for a new trial.

25   ///

26   _____

27   [6]In an unpublished decision, the Ninth Circuit rejected an Equal Protection Clause challenge to Rule 413, finding such argument to be foreclosed by *LeMay*. *See United States v. Granbois*, No. 03-30383, 2004 WL 2862269 at *1 (9th Cir. July 22, 2004).

28

1      It is therefore ordered that Defendant's motion for a new trial (ECF No. 276) is

2  denied.

3      DATED THIS 7th day of September 2016.

4

5  _____
   MIRANDA M. DU

6  UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28