1

2

3                        UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5                                      * * *

6    UNITED STATES OF AMERICA,                    Case No. 3:14-cr-00069-MMD-WGC

7                              Plaintiff,                         ORDER

        v.
8
     JOHN THOMAS ABRAMS,
9
                              Defendant.
10

11          On February 25, 2016, the jury returned a verdict finding Defendant John Thomas

12   Abrams guilty of two counts of kidnapping and one count of transportation of a minor for

13   purpose of illegal sexual activity. (ECF No. 222.) On January 29, 2019, the Ninth Circuit

14   Court of Appeals affirmed Defendant's conviction and sentence (ECF No. 316) and denied

15   his petition for rehearing on April 26, 2019 (ECF No. 321). Abrams then filed a motion for

16   new trial based on newly discovered evidence, contending that the discovery materials in

17   this case were confiscated at the state prison where he was serving a state sentence

18   before trial. (ECF No. 341.) The Court denied that motion (ECF No. 354), and the Ninth

19   Circuit Court of Appeals affirmed (ECF No. 379). After multiple extensions of time, Abrams

20   filed his amended motion under 28 U.S.C. § 2255 ("Motion") on April 22, 2022. (ECF No.

21   402.) Since then, Abrams has filed two motions for discovery and transcripts (ECF Nos.

22   404, 409) and a motion to stay pending resolution of discovery issues in a civil case where

23   he seeks discovery materials relating to this case (ECF No. 410).[1]

24

25
            [1]The government opposes. (ECF Nos. 405, 411.) Abrams did not file a reply in
26   support of his first motion for discovery and transcript, and the Court determines that a
     reply in support of the second motion for discovery and transcript and motion for stay is
27   not needed. Abrams has essentially repeated the same argument as to the discovery
     materials in this case even before the start of trial in this case. *See* ECF No. 354
28   (recounting Abrams' repeated claim of lack of access to discovery materials in this case
     in denying the motion for new trial).

The Court agrees with the government that Abrams has failed to demonstrate entitlement to pursue any discovery. Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . .." In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. *See* 520 U.S. at 904, 909. In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300. The Ninth Circuit, consistent with *Bracy* and *Harris*, has held that habeas discovery is appropriate in cases where the discovery sought only might provide support for a claim. *See, e.g.*, *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). But here, Abrams fails to articulate how discovery might provide support for his specific claims.[2] He merely claims in general that he needs case discovery and transcripts to "develop" the facts (ECF No. 404 at 3) and to "develop" his claims (ECF No. 409 at 2).

Abrams contends that "[d]iscovery has been an issue in this case from the very beginning when the Court allowed Abrams to defend himself." (ECF No. 404.) But this is a repeated complaint—the lack of access to discovery materials—that the Court has repeatedly determined to be unfounded. (ECF No. 354.) To the extent Abrams seeks access to transcripts of proceedings in this case, those transcripts are and have been available on the Court's docket since the initial appeal. In fact, in July 2021, the Court

---

[2]In fact, Abrams has presented grounds supporting his Motion (ECF No. 402) and all that remains is his reply brief. Abrams does not explain how any discovery might assist him in responding to the government's arguments raised in response to his Motion (ECF No. 408). Indeed, Abrams' first motion for discovery (ECF No. 404) was filed over a month after he filed his Motion and before the government filed its response. In the second motion for discovery, Abrams merely asserts that he needs case transcripts and discovery to "properly develop the claims presented in the 2255 [Motion]." (ECF No. 409 at 2.)

informed Abrams as to the procedure for obtaining access to case-related materials on the Court's docket in addressing Abrams' motion for case relevant materials. (ECF No. 383.)

It is therefore ordered that Abrams' motions for discovery and transcripts (ECF Nos. 404, 409) and motion to stay (ECF No. 410) are denied.

It is further ordered that Abrams' motion to stay pending resolution of discovery relating to this case raised in a civil case (ECF No. 410) is denied because the Court finds Abrams is not entitled to discovery in connection with his Motion.

It is further ordered that the deadline for Abrams to file a reply in support of his Motion is extended to September 15, 2022, to the extent Abrams wishes to file a reply.

DATED THIS 10th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE