UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID ROBERT GARNETT,

Defendant.

Case No. 3:14-cr-00069-MMD-WGC
Related Case: 3:20-cv-00437-MMD

ORDER

## I.    SUMMARY

On February 25, 2016, the jury returned a guilty verdict against Defendant David Robert Garnett[1] on two counts of kidnapping and one count of transportation of a minor for the purpose of illegal sexual activity. (ECF No. 222.) Defendant had elected to represent himself and was appointed stand-by counsel, Dennis Cameron, for the trial. (ECF Nos. 80, 159.) Before sentencing, the Court permitted stand-by counsel to withdraw, and at Garnett's request, appointed counsel to represent him for the remainder of the proceedings. (ECF No. 250.) Defendant appealed (ECF No. 297) and the Court of Appeals affirmed (ECF No. 316). Before the Court is Garnett's motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence ("Motion"). (ECF No. 402.)[2] As further explained below, the Court agrees with the government that Garnett is not entitled to relief under Section 2255 and will therefore deny the Motion.

///

///

---

[1]The Court recently granted Defendant's motion to amend the judgment to add his true name, David Robert Garnett. (ECF No. 422.)

[2]The government filed a response (ECF No. 408) and Defendant filed a reply (ECF No. 420).

## II.     BACKGROUND

### A.     Indictment and Conviction

Garnett was indicted on September 17, 2014, though the grand jury then issued a superseding indictment on July 22, 2015. (ECF Nos. 2, 65.) The superseding indictment charged Garnett with two counts of kidnapping in violation of 18 U.S.C. § 1201 and one count of transportation of a minor for purpose of illegal sexual activity in violation of 18 U.S.C. § 2423(a). (ECF No. 65.) The Court permitted Defendant to represent himself at trial, but appointed stand-by counsel to assist. (ECF No. 159.)

Trial commenced on February 16, 2016. (ECF No. 207.) Defendant was convicted of all counts on February 25, 2016. (ECF No. 222.) The jury found Defendant had picked up two 15-year-old victims who were running away from home, and promised them a ride to Roseville, California, where one of them had family. However, over the course of the 10 days that they were with Defendant—between July 12, 2012, and July 22, 2012—Defendant was found to have used deception and threats to kidnap them, drive them to Nevada, and rape the female victim, A.R, before and after they arrived in Reno.

### B.     Post Conviction

After the trial, the Court granted Garnett's request for stand-by counsel to represent him. (ECF No. 273 at 127.) Before sentencing, the Court granted stand-by counsel's motion to withdraw (ECF No. 250), and appointed counsel to represent Defendant at his request (ECF No. 252; ECF No. 259). Defendant filed a counselled motion for a new trial (ECF No. 276), which the Court denied (ECF No. 290).

Defendant then pursued a direct appeal. (ECF No. 297.) The Ninth Circuit affirmed his conviction, rejecting seven arguments Defendant presented on appeal. (ECF No. 316.)

Defendant later filed a *pro se* second motion for new trial based on newly discovered evidence. (ECF No. 341.) The Court denied that motion (ECF No. 354),[3]

---

[3]The Court's order denying the motion for new trial recounted Defendant's repeated, unfounded complaints that he did not have access to relevant materials, resources, and witnesses to prepare for trial. (ECF No. 354 at 3-4, 7-9.)

Defendant appealed the Court's denial of the motion (ECF No. 355), and the Ninth Circuit again affirmed (ECF No. 379).

Defendant had filed a Section 2255 motion while his second appeal was pending, but the Court stayed briefing on that motion until the Ninth Circuit resolved the second appeal. (ECF No. 369.) On February 1, 2022, the Court lifted the stay after Defendant exhausted his appellate rights and provided Defendant with another extension of time to file an amended Section 2255 motion. (ECF No. 399.) Garnett filed the Motion on April 22, 2022. (ECF No. 402.) The government filed a timely response on July 8, 2022. (ECF No. 408.) After the Court granted him multiple extensions of time, Garnett filed his reply on November 7, 2022. (ECF No. 420.)

### C.  Section 2255 Motion

Defendant's Motion asserts 16 grounds. Nine grounds involve alleged limitations on his ability to prepare for trial (grounds seven,[4] 14, and 15), including the purported denial of access to evidence (grounds two and 10), research materials (grounds nine and 12), witnesses (ground three) and an investigator (ground eight).[5] (ECF No. 402 at 14-25, 42-54, 69-70, 73-78.) Three grounds involve admission of evidence of prior sexual assaults (grounds one, four and five), including permitting a witness to testify by video conferencing (ground five). (*Id.* at 5-13, 26-35.) Ground six involves a purported violation of the Due Process Clause with Defendant being shackled during trial. (*Id.* at 36-40.) Ground 11 asserts insufficiency of evidence to convict. (*Id.* at 62-68.) Ground 13 is based on stand-by counsel's alleged interference with Defendant's representation, including failing to forward a plea offer of 110 months. (*Id.* at 71-72.) Ground 16 alleges cumulative error consisting primarily of the Court's denials of Defendant's requests for continuances resulting in prejudice. (*Id.* at 79-82.)

---

[4]Another consistent complaint is the contention that the Court "appeared to punish the Defendant for wanting to represent himself." (ECF No. 402 at 50.)

[5]These nine grounds are asserted in grounds two, three, seven, eight, nine, 10, 12, 14 and 15 (collectively, "Discovery-Related Grounds").

### III.    LEGAL STANDARD

A federal prisoner may seek relief under 28 U.S.C. § 2255 if: 1) "the sentence was imposed in violation of the Constitution or laws of the United States;" 2) "the court was without jurisdiction to impose such sentence;" 3) "the sentence was in excess of the maximum authorized by law;" 4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner seeking relief under Section 2255 "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady,* 456 U.S. 152, 166 (1982). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (citation omitted). Garnett is seeking relief on the first basis—that the Court made rulings that violate his constitutional rights.

### IV.    DISCUSSION

#### A.    Grounds Raised On Direct Appeal

The government argues that because Garnett raised 13 of the grounds asserted in the Motion on direct appeal and the Ninth Circuit rejected them, he is barred from seeking habeas relief on those grounds. (ECF No 408 at 12.) In particular, the government points out that the claims asserted in the Discovery-Related Grounds, in grounds one and four ("Rule 413 Evidence"), and in grounds six (placing Defendant in leg shackles) and seven (insufficiency of the evidence) (collectively referred to as "Raised Grounds") were raised in Garnett's direct appeal.[6] (ECF Nos. 408 at 8-9, 8 n.4, 12, 316 at 2 (identifying arguments raised on appeal).) And the Ninth Circuit affirmed. (ECF No. 316.) Moreover, Garnett does not dispute in reply that he raised these grounds in his direct appeal.[7] (ECF No. 420.)

---

[6]Garnett's direct appeal also argues cumulative error, another argument that the Ninth Circuit also rejected. (ECF No. 316 at 2, 13.) The gist of the cumulative error claim raised in ground 16 is Garnett's reassertion that denial of his requests for continuances resulted in prejudice, such as Garnett not receiving notice and the opportunity to be heard on numerous issues. (ECF No. 402 at 79-82.) But the Ninth Circuit addressed and rejected arguments based on denial of Garnett's continuance requests. (ECF No. 316 at 4-5.)

[7]But Garnett appears to suggest that his appellate counsel failed to fully raise issues or represent the facts and records fully. (ECF No. 420 at 2-3.) Appellate counsel

1    "When a defendant has raised a claim and has been given a full and fair opportunity to

2    litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255

3    petition." *United States v. Hayes,* 231 F.3d 1132, 1139 (9th Cir. 2000) (finding that

4    petitioner's *Brady* claims had been addressed and rejected on direct appeal) (citing *United*

5    *States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (finding that a claim that was raised on

6    direct appeal and rejected cannot be the basis of a 2255 motion)). The Court accordingly

7    agrees with the government that Garnett cannot rely on the claims in the Raised Grounds

8    to support his Motion. The Court therefore denies relief as to the Raised Grounds.

9          Even if Garnett could rely on the Raised Grounds to support his Motion, the records

10   do not support his claims raised in these grounds.[8] Take for example Defendant's

11   Discovery-Related Grounds. The Court repeatedly addressed claims relating to Garnett's

12   ability to prepare for trial, purported lack of access to discovery, resources, and witnesses

13   before and during the course of trial, and made special accommodations to allow him to

14   prepare for trial. (ECF Nos. 290 at 2-6, 354 at 3-4, 7-9.) As the Court noted in a prior order

15   denying the motion for a new trial: "It did not appear to the Court during the course of trial

16   that Defendant was not prepared or was not given proper access to the courts. In fact, the

17   Court observed that Defendant was prepared." (ECF No. 290 at 6.) And the Court also

18   addressed and rejected Garnett's repeated and unfounded claims about lack of access to

19   relevant materials, resources, and witnesses to prepare for trial in denying his second

20   motion for a new trial. (ECF No. 354 at 3, 7-9.)

21         Another example is ground six's claim relating to shackling. The Court found that

22   compelling circumstances existed to require Defendant be in leg restraints, and adopted

23

24   _____

25   can only present the claims based on the record, and the record is clear that Garnett's
     arguments are without factual foundation as discussed herein.

26         [8]The Court does not address the Rule 413 Evidence raised in grounds one and
     four. The Court explained its reasoning for its decision to admit prior evidence of sexual
27   assaults under Rules 403 and 413 in the course of trial and in denying Garnett's motion
     for a new trial. (ECF No. 290 at 6-9.) And the Ninth Circuit affirmed. (ECF Nos. 316 at 7-
28   10, 379.)
     ___

measures during the trial to preserve the presumption of innocence.[9] (ECF No. 112 at 5-6 ("Given the violent nature of the allegations, Defendant's criminal history, and Defendant's possible mental instability, the Court will require Defendant to be shackled for the protection of the victims, witnesses, and others in the courtroom. Shackling Defendant will not impair his mental ability or cause any pain, and any less restrictive alternative to shackling will not suffice to maintain courtroom security.").) And the Court denied Defendant's later motions to reconsider shackles. (ECF Nos. 145, 189, 307 at 34.) Garnett argues in his reply brief that measures taken to shield his leg restraints were inadequate because potential jurors sitting behind him could still observe that he was in restraints. (ECF No. 420 at 13.) But it is this Court's practice to not place potential jurors on the side of the courtroom where a defendant who is placed in restraints is seated to alleviate any concerns that a potential juror may observe such restraint. And no such concerns were raised during the course of the trial in this case.

### B. New Grounds

Garnett's Motion also asserts two new grounds arguing errors raised for the first time.[10] Ground five contends that the Court permitted evidence of prior sexual assaults

---

[9]Those measures are:
(1) Defendant will be shackled only at his ankles;
(2) Defendant will be brought in and out of the courtroom outside the presence of the jury;
(3) Drapes will be placed around counsel table;
(4) Both Defendant and the Government will conduct opening and closing statements and direct and cross examination while remaining seated at counsel table;
(5) If Defendant wishes to take any exhibits to the court clerk or a witness, Government counsel will walk the exhibits to and from the court clerk or witness; and
(6) Any objections that require a sidebar conference will be held during a recess outside the presence of the jury.
(ECF No. 112 at 6.)

[10]The government argues these claims are procedurally defaulted because Garnett raised them for the first time in his Motion. (ECF No. 408 at 24-28.) "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady,* 456 U.S. at 167. The Court agrees with the government that even if Garnett can show cause and actual prejudice, his claims fail on the merits. Accordingly, the Court will address the merits of his claims as raised in grounds five and 13.

through the testimony of his ex-spouse, Donetta Vandemark, via video conferencing in violation of his Sixth Amendment rights.[11] (ECF No. 402 at 34-35.) Ground 13 is based on stand-by counsel's alleged interference with Defendant's representation, including failing to forward a plea offer of 110 months. (*Id.* at 71-72.) The Court agrees with the government that both grounds fail on their merits.

The government requested that Vandemark be permitted to testify via two-way video conferencing from Ohio because her mother was on life support at the time and the Court had permitted defense witnesses to testify via video conferencing as an accommodation.[12] (ECF No. 264 at 272-73.) The Court asked whether Garnett objected to the government's request to accommodate the witness and to take her testimony out of order; Garnett indicated he did not object. (*Id.* at 283.) Nor did he ever raise the issue of Vandemark being permitted to testify via video conferencing until now.[13] Garnett thus waived any claim that the Court's decision to permit Vandemark to testify via video conferencing violated his Sixth Amendment rights. *See United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015).

Indeed, before ruling on whether the government would be allowed to offer the Rule 413 Evidence, the Court indicated it would permit the witness (Vandemark) whose mother was on life support to testify via video conferencing just as the Court permitted a defense witness (Coats) to do the same. (ECF No 269 at 54-62.) Alternatively, had the Court

---

[11]The Court also permitted Defendant's witness, Jodie Coats—who could not travel to Reno because her husband was on hospice at the time—to testify via video conferencing. (ECF Nos. 214, 268 at 235, 269 at 54-55.)

[12]At the time of trial in February 2016, to arrange for a witness to testify via two-way video conferencing, the Court staff had to coordinate for the witnesses to testify from another courthouse. (ECF No. 268 at 235.) So, Vandemark testified from the federal courthouse in Columbus, Ohio while Coats testified from the federal courthouse in Butte, Montana. (*Id.*)

[13]However, as noted, Garnett maintained consistent objections to the admissibility of her testimony as prior evidence of sexual assaults. *See* Discussion *supra* n. 8.

1    denied the government's request, the government would have had an opportunity to

2    decide whether to insist that Vandemark appeared as subpoenaed. (ECF No. 264 at 273.)

3         Ground 13 primarily involves a claim that stand-by counsel failed to forward a plea

4    offer of 110 months.[14] (ECF No. 402 at 71-72.) The Court again agrees with the

5    government that the pertinent records do not support such a claim. During the sentencing

6    hearing, Garnett brought up the issue of plea offer to argue that the government was

7    seeking an unreasonably lengthy sentence post-trial: "One thing that I have to point out,

8    though, is, that as terrible a person as the prosecution made me out to be today, this past

9    February they offered me a 110-month plea bargain if I would plead guilty." (ECF No. 302

10   at 51.) Over the government's objection and even after the Court sustained the objection,

11   Garnett went on to suggest the government sought a higher sentence because "from

12   February when [he] chose to defend [himself] instead of taking their plea offer," he went

13   "from a very low consideration in sentence . . . to this consecutive life sentence now." (*Id.*

14   at 52.) Garnett also referenced a 110-month plea offer in February 2016, which was shortly

15   after the Court appointed stand-by counsel.[15] In sum, his claim that stand-by counsel failed

16   to forward a plea offer of 110 months is contrary to the pertinent records.

17   ///

18   ///

19   ///

20

---

21   [14]To the extent Garnett complains about his stand-by counsel's alleged interference with Garnett's representation, such contention is factually unfounded. Garnett did not raise any complaint about his stand-by counsel before or during trial. And the Court did not observe any such alleged interference. To the contrary, it appeared to the Court that Garnett and his stand-by counsel cooperated and conferred during trial. (ECF Nos. 273 at 67, 302 at 69-70) (finding the manner of Garnett's consultation with stand-by counsel to be disruptive).) In fact, at Defendant's request and over the government's objection, the Court expanded stand by counsel's role to co-counsel with respect to certain witnesses. (ECF Nos. 164, 186, 270 at 7-8.) The Court also appointed stand-by counsel to represent Garnett post-verdict at his request. (ECF No. 273 at 127.)

22

23

24

25

26   [15]The Court appointed stand-by counsel on November 16, 2015. (ECF No. 87.) After the jury returned a guilty verdict on February 25, 2016, the Court appointed stand-by counsel as Garnett's counsel, at Garnett's request. (ECF Nos. 220, 273 at 127.) On April 21, 2016, the Court granted stand-by counsel's motion to withdraw. (ECF No. 250). Stand-by counsel Dennis Cameron is now deceased.

27

28

## V.    CERTIFICATE OF APPEALABILITY

Before Garnett can appeal the Court's decision to deny his Motion, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (*quoting* 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

## VI.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion because they do not affect the outcome of the Motion before the Court.

It is therefore ordered that David Robert Garnett's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 402) is denied.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter a separate judgment on the docket reflecting the fact that the Court denies the Motion, and close both this case and the corresponding civil case.

DATED THIS 21st Day of April 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

9